■ In the Matter of the Claim of PETER AMATO, Respondent, v. R. R. HEY-WOOD CO., INC., et al., Appellants, and SPECIAL FUNDS CONSERVATION COMMITTEE, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its carrier from a decision and award of the Workmen's Compensation Board. Claimant was employed as foreman of the employer's machine room where greeting cards were finished. He had worked for the employer from 1940 until January 10, 1952. His job involved keeping the machines running and each week he used an air hose to clean the dust off the machines. A substance called "glitter" was used to decorate the greeting cards and it was determined that it was almost pure silica. This "glitter" was present throughout the room. The claimant also worked with an emery wheel. He testified that there was a lot of dust where he worked and that he inhaled quite a bit of the dust. On January 10, 1952 the inhalation of kerosene fumes caused the claimant to have a coughing attack. He went home, consulted a doctor and never returned to work. Medical testimony was produced indicating that the claimant had silico-tuberculosis and that it was related to his employment. One doctor related it to the work at the emery wheel and another, after the silica content of the "glitter" was determined, related it to the exposure to that substance as well as the work at the emery wheel. The board determined that the silico-tuberculosis was caused by his exposure to silica during his employment. The appellants contend that it was not shown that the silica "glitter" was in dust form capable of inhalation. There is evidence of exposure to silica dust from the emery wheel which was in itself sufficient to cause the disease. Further as to the "glitter" there are several references to it in the record as "glitter" dust as well as the claimant's testimony showing the presence of the "glitter" throughout the room where he worked and his constant exposure to dust in that room. To reverse on the ground that harmful exposure to "silica dust" was not established would not only place an overly technical interpretation on the statute but would also not be in accordance with the record. Decision and award unanimously affirmed with one bill of costs to be divided between the respondents, with printing disbursements to each.